In the matter of the Estate of John W. Labar, upon the Appeal of Alanson Labar, from the Decree of the Probate Court.

To entitle one to an appeal, under ₰ 8631, *C. L.*, from a decree of the Probate Court, it must appear in the reasons assigned and filed, that the party is "aggrieved" by such decree.

A was an heir-at-law and legatee of B, deceased. B's will made a bequest of $10 to A. The final accounting of the executor showed nearly three thousand dollars remaining in his hands—being largely in excess of all specific legacies. The decree for distribution directed the payment of A's legacy. A appealed to the Circuit Court, alleging, among others, as reasons, improper allowance, by the Probate Judge, of claims of the executor, and want of notice and insufficient notice of final accounting. *Held*, that appellant had not shown himself "aggrieved," and that the appeal should be dismissed.

*Kalamazoo Circuit, August,* 1870.

John W. Labar died July 5th, 1859. His will was admitted to probate, duly proved and allowed September 15th, 1859. One of the provisions of the will reads as follows: "I give and bequeath to my son Alanson, and to each of his four children, Humphrey, Alice, Emory and Edith, ten dollars." October 4th, 1859, letters testamentary were issued to S. B. Nichols, one of the executors named in the will. April 17th, 1869, Nichols filed his petition praying for a final settlement and accounting of his administration. May 15th, 1869, the Probate Judge ordered that Saturday, 22d of May following, be assigned for the hearing of the petition, and directed that said order be published in the *Kalamazoo Telegraph* for five successive days previous to the day of hearing. On the same day the heirs-at-law of the deceased, with the exception of Alanson Labar, signed and filed with the Judge of Probate a request that the 22d of May be fixed as the time for the final settlement of the accounts of the executor.

On the day fixed for a final accounting, the printers' affidavit was filed, showing that the order of hearing had been published "at least once in each week for *one successive week*—that the first publication thereof was on the 17th day of May, A. D. 186 ;" and thereupon a final accounting was had. This accounting showed the executor charged with real and personal property

of the estate, $4,276 52, and credited with real estate on
hand........ ................... .............. ..... $750 00
Debts paid by executor............................ 309 73
Taxes paid by executor.... .................... 20 03
Losses on personal estate........ ...... ............. 57 06
Expenses of administration and care of estate ... 94 67
Funeral expenses of Maria Labar .............. 48 25
Percentage allowed executor....:. ..... ........ 111 73

                                                  $1,391 47

Leaving in the hands of the executor $2,885 05, which the
Probate Judge ordered to be distributed as directed by the
will: Ten dollars to Alanson Labar; the same amount to
each of his children, mentioned in the will, &c.

The decree settling the account and ordering a distribution
of the estate was duly entered. Thereupon, Alanson Labar
appeals to the Circuit Court, alleging as grounds for such ap-
peal:

1. That he had no notice of the accounting.

2. The notice given was illegal

3. The decree pretends to ascertain the legatees and direct
distribution under the will, as well as pass upon the account of
the executor.

4. No notice given for hearing an application for distribu-
tion, or to ascertain who are heirs or legatees.

5. Insufficiency of notice of hearing of petition for account-
ing.

6. Collusion between executor and other legatees to prevent
appellant from receiving notice of final accounting.

7. The account as allowed does not show date of twenty-
three items charged against estate.

8. The account contains an item of $19.64, not allowed by
commissioners.

9. The account contains items furnished to the family with-
out any order from the Judge of Probate for that purpose.

10. It fails to account for the rents and profits of the estate.

11. It fails to account for the use and income of personal estate.

12. It does not show any of the real estate sold, and still accounts for but a small portion of it.

13 It contains items· usual on the sale of real estate, but does not show any sold.

14. The fees and charges of the executor are excessive.

15. A large portion of the items allowed are not supported by proper proof.

A motion is now made to dismiss the appeal.

*Severens & Burrows*, for the motion, insist :

The legacy given by the will to the appellant is fully provided for and ordered to be paid by the decree appealed from.

The appellant is not aggrieved, and does not come within the statute.

No interest of his is *injuriously affected*, which is the test of the right to appeal. 6 *Gray*, 137 ; 3 *Chandler*, 21 ; 2 *Mass.*, 140 ; 11 *Mich.*, 344 ; 12 *Mich.*, 427.

The appellant is obliged, by the statute, to give his reasons for appealing.

He is confined to such reasons upon the trial of the appeal. 21 *N. H.*, 188, 544 ; 47 *Id.*, 88, 407 ; 18 *Pick.*, 1.

In this case there is no shadow of pretence given by the reasons for appeals tending to show that the appellant is aggrieved.

On the contrary, it affirmatively appears from the record, that the appellant is not, and could not be, injured by the decree appealed from.

*T. R. Sherwood, contra :*

It appears by the will, the record in the case, and in the reasons assigned, that the appellant is not only a legatee, but an heir-at-law of the deceased.

It further appears by the record that the other legatees are

to support and maintain the widow of the deceased from the estate.

That several of the legatees are minors and children of the appellant, and others of the legatees are brothers and sisters of the appellant.

The first question raised on the motion is, does the appellant occupy such a position that his interest may be injuriously affected by illegal proceedings on the part of the executors, or the allowance by the Judge of Probate of improper charges in his account against the estate, or by the executor failing to account for all the property and the income thereof belonging to the estate. If so, then he is an aggrieved party, and may of course appeal. 3 *Eng.*, 268; 9 *Md.*, 72; 42 *Barb.*, 274; 18 *Pick.*, 1; 2 *Mass.*, 140; 2 *Doug., Mich.*, 299; 51 *Maine*, 423; 20 *Iowa*, 16; 9 *Pet.*, 174; 35 *N. H.*, 48.

The appellant in this case being not only an heir, but legatee, under the will. of the estate, becomes by our statute liable to pay any future debt which may arise against the estate of the deceased, to the amount of the estate of the deceased which has come to the appellant by virtue of the will, or by reason of his being heir-at-law, in a rateable proportion to the amount of said estate received by the other legatees and heirs. See 2 *C. L.*, pp. 895 and 896, § 49, 50, 51, 52 and 53.

And certainly in such case, and which may hereafter arise, the appellant, both as heir and legatee, would be interested in having the estate properly administered, and as much of it go to each of the other legatees as they are lawfully entitled to.

Among the reasons given for the appeal are, collusion in the accounting, between the executor and a portion of the legatees; that the executor had failed to account for nine years' rents and profits of the estate; that he had been allowed more fees than the statute authorizes

This appeal has been regularly taken under the statute, and the appeal has been properly filed in the Circuit Court. After the appeal is taken and filed, if regular, the Court can only make an order affirming or reversing the order appealed from, and the appellant is entitled to have the case heard upon its

merits.   *C. L.*, p. 1038, §§ 3635, 3640, 3641; 15 *Wis.*, 392; 12 *Wis.*, 490.

For the above reasons, and upon the above authorities cited, the appellant insists that he, being an heir-at-law of the deceased, a legatee under the will, liable to the support of his mother in case of a failure of the estate, and liable to contribute *pro rata* for indebtedness of the deceased in case of failure of sufficient estate—is interested in the amount of the estate to be distributed to all the legatees, and has the right to test the correctness of the executor's account, and in so doing has the right to bring this appeal; and that this motion be denied, and the case be allowed to proceed upon its merits.

*By the Court*, BROWN, J.—The right to appeal, in this case, from the decree of the Probate Court, is claimed under § 3631, *C. L.* This provision authorizes " any person aggrieved" to appeal, and requires him to assign his reasons. The appellant has assigned fifteen reasons. Do any of them show that he is or can be aggrieved by the decree ? I think not.

It is contended that the record sent up to this Court, with the appeal, shows that the appellant is legatee and heir-at-law, and that he therefore has such an interest in the estate as that he may be prejudiced by an allowance of improper claims on the part of the executor. As legatee, he is entitled to ten dollars. The accounting shows there is sufficient in the hands of the executor to pay that sum, and the decree directs it to be paid. The will has been duly proved and it does not appear that any appeal was taken. Though heir-at-law, the appellant takes under the will. His possible liability, under a certain contingency, to provide for his mother, and to contribute toward the payment of his father's debts, in case of a failure of sufficient estate, over and above legacies provided for in the will, are considerations too remote to satisfy the Court that he has shown himself " aggrieved."

But it is insisted that the appeal has been regularly taken, and that this Court must hear the case on the merits and either affirm or reverse the order appealed from. The statute, §3635, *C. L.*, provides that when a copy of the record of the proceed-

ings appealed from, and the reasons therefor are filed in the Circuit Court, "such Court shall proceed to the trial and determination of the question according to the rules of law ; and if there shall be any question of fact to be decided, issue may be joined thereon, under the direction of the Court, and a trial thereof had by jury." Paragraph 3641 provides that the Circuit Court may reverse or affirm, in whole or in part, the sentence appealed from, * * * or may take any other order therein, as law and justice may require.

A case cannot be tried upon its " merits " unless the issue presents merits. A " case upon the merits " is one that rests upon the justice of the cause, and not upon technical grounds only. The decree of the Probate Court directed payment to the appllant of all that the will provided for him—all that he was entitled to. It appears from the record, that exact justice has been awarded to the appellant. An order must be entered dismissing the appeal, with costs to the appellee ; and the Clerk of this Court will transmit a certified copy of the order to the Probate Court.